UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,    :
:
           Plaintiff,    :
:
    – against –    :    24-cv-9308 (ER)
:
DAVID BANISTER and THE MARKET ANALYSTS  :
GROUP, LLC,    :
:
          Defendants.    :

------------------------------------------------------------------x

## STIPULATION AND CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, that

the following provisions of this Stipulation and Confidentiality Order (the "Protective Order")

shall govern disclosure and use by the undersigned parties of all documents, testimony

transcripts, and other materials and information produced in the above-captioned case

(collectively, "Discovery Materials"):

1.      When used in this Protective Order, the word "document" shall include, without

limitation, all original written, recorded, electronic, or graphic materials, and all copies thereof.

A party, person, or entity ("Person") that produces or discloses Discovery Materials in

connection with this action shall be referred to herein as the "Disclosing Party."

2.      Without the need for designation as provided in Paragraph 9 below, all Discovery

Materials shall be deemed "Confidential" to the extent that any portion thereof contains any

personally sensitive information or, with respect to third parties, any personal identifying

information ("PII"), including an individual's social security number, tax identification number

or tax return, home address or home telephone number, date of birth, medical information,

financial account number, financial statements, financial account information, brokerage account number, or passwords.

3.     A Disclosing Party may designate as "Confidential" those Discovery Materials which constitute a trade secret, or other confidential research, development, or commercial information, as provided in Fed. R. Civ. P. 26(c)(1)(G).  Discovery Materials designated "Confidential," and that portion of other Discovery Materials deemed "Confidential" by reason that such portions contain PII, shall be referred to herein as "Confidential Discovery Materials." Confidential Discovery Materials include information copied, extracted, summarized, or compiled based on such Discovery Materials.

4.     Any Person subject to this Protective Order who receives from any other Person subject to this Protective Order any Confidential Discovery Material shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. Any Person in possession of Confidential Discovery Materials shall maintain those materials in a reasonably secure manner so as to avoid disclosure of their contents.

5.     Except as provided in Paragraphs 15 and 18 below, Confidential Discovery Materials produced or disclosed in this case shall be used solely for the prosecution of this case (including an appeal therefrom) and the defense of the named Defendants, *provided, however,* that nothing in this Protective Order shall be construed to have any effect on the obligations of Plaintiff Securities and Exchange Commission (the "Commission") under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, and the applicable rules and regulations promulgated thereunder, or to interfere with the Commission's use of information for law enforcement activities and to otherwise regulate, administer, and enforce the securities laws. Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prevent the

Commission from using or disclosing any materials, including Confidential Information, in a

manner consistent with the Commission's duties and authorities pursuant to any applicable laws

and regulations, including as delineated in the Commission's Form 1662 (available here:

https://www.sec.gov/files/sec1662.pdf).

      6.      Except as provided in Paragraphs 5 and 8, Discovery Material properly designated

as "Confidential" under the terms of this Protective Order shall not be disclosed to any Person

other than:

    a.   The Court, necessary Court personnel, and jurors;

    b.   The named parties (as well as their attorneys);

    c.   Court reporters transcribing depositions or testimony in this case;

    d.   Persons who were authors or recipients of the Confidential Discovery Materials;

    e.   Any expert or consultant retained or consulted by any party in connection with this case and those working under their direction or control;

    f.   Any Person who is a potential fact witness or deponent in the litigation, *provided*, *however*, that a Person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Materials;

    g.   Outside photocopying, graphic reproduction services, litigation support services, data processing services, or investigators employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

    h.   Any special master or mediator or other individual jointly appointed or selected to provide mediation or settlement services, and the staff thereof; and

i.   Any other Person whom counsel for the parties to this Protective Order agree in writing may have access to Confidential Discovery Materials, and any other Person whom the Court directs should have access to Confidential Discovery Materials.

7.      All Persons to which Confidential Discovery Materials are disclosed solely pursuant to subparagraphs 6(e) and (i) shall be required to execute a certification evidencing the agreement in the form attached as Exhibit A, a copy of which counsel shall retain.

8.      If Defendants seek to disclose any Confidential Discovery Material to any third party other than a Person that qualifies for one of the categories listed at Paragraph 6, they shall first confer with Plaintiff to modify this Protective Order, and shall not disclose any such Confidential Discovery Materials until (i) the Court approves the modification and (ii) each Person to receive such disclosure has executed a certification evidencing the agreement in the form attached as Exhibit A and each such certification has been delivered to counsel for the Plaintiff.

9.      The designation of Discovery Material as "Confidential" for the purposes of this Protective Order shall be made in the following manner:

a.   In the case of documents, declarations, briefs, memoranda, answers to interrogatories, answers to requests for admissions, or other materials (apart from depositions or other pre-trial testimony), by stamping or labeling the phrases "Confidential" or "Confidential Treatment Requested" on each page of the Discovery Materials containing confidential information; and

b.   In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of or immediately following such disclosure, that

such testimony shall be treated as "Confidential," or (ii) by written notice, sent by counsel to all parties within twenty (20) calendar days after receiving a copy of the transcript thereof, that such testimony (designated by page and line) shall be treated as "Confidential." In both the foregoing instances, counsel for all parties shall direct their staff to stamp "Confidential" on the first page of the original and all copies of the transcript, and on all pages of the original and all pages of the transcript, containing any confidential information, after confirmation of such designation in the above-referenced twenty-day period for designation. Until the expiration of the twenty-day period, the parties shall treat the entire transcript as Confidential Discovery Material; and

    c.  To the extent that matter stored or recorded in the form of electronic or magnetic files or media (including information, files, databases, or programs stored on any device, computers, discs, networks, or tapes) is produced by any party in such form, the Disclosing Party may designate it as "Confidential" by adding the word "Confidential" to the filename or by affixing to such media a label with the "Confidential" legend, and setting forth in a cover letter and/or in electronic metadata accompanying those documents or portions thereof which are to be accorded confidential treatment.

    10.    An inadvertent failure to designate qualified information or items does not, standing alone, waive the Disclosing Party's right to secure protection under this Protective Order for such material.

    11.    The inadvertent production of any document or information during discovery in this case shall be without prejudice to any claim that such material is privileged under the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, and no party shall be held to have waived any claims or arguments under the inadvertent production doctrine. If a Disclosing Party discovers that a privileged document was inadvertently produced, the Disclosing Party shall so notify the party to whom the document was produced in writing within five (5) calendar days of such discovery. The unreasonable failure to provide such notification within the five-day period shall result in a waiver of the claim of privilege. Upon notice from the Disclosing Party, the receiving party shall promptly return, sequester or destroy all copies of any produced privileged material and make no further use of such material pending resolution of any objection to such a claim, within five (5) calendar days of receipt of such notification by the Disclosing Party. The parties shall meet and confer in an effort to resolve any disagreements. If the parties cannot resolve their disagreement, the Disclosing Party may apply to the Court within ten (10) days of the meet-and-confer for a ruling on the Disclosing Party's claim of inadvertent production.

12.    In connection with any pre-trial motion or other pre-trial proceeding, if any party intends to file with the Court any pleading, declaration, or other paper containing, appending, summarizing, or excerpting Confidential Discovery Materials, the filing party shall provide the Disclosing Party with three (3) business days' written notice of the filing of the Confidential Discovery Materials to allow the Disclosing Party to apply to the Court for an order directing that those portions of the filing be filed under seal. If such an order is granted, the filing party shall file such Confidential Discovery Materials in accordance with the Sealed Records Filing Instructions for the Southern District of New York. All materials filed under seal shall be available to the Court for viewing and/or copying, and shall be served upon counsel for the parties. Redacted pages shall be filed in the public record. The filing under seal shall be without

prejudice to any party's rights to argue to the Court that such document is not confidential and need not be preserved under seal.

13.     This Protective Order shall not be construed to affect in any way the admissibility or use of any document, testimony, or other information at trial or a pre-trial hearing. Any document, testimony, or information introduced or used at trial or a pre-trial hearing, regardless of designation under this Protective Order, will be presumptively available to the public.

14.     The parties shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not affect a subsequent challenge. If at any time a party objects to a designation of Discovery Materials as confidential under the Protective Order, the objecting party shall notify the Disclosing Party in writing. The objecting party shall identify the designation in question and state in reasonable detail the reason(s) for the objection. Within seven (7) calendar days of the receipt of such notice, the Disclosing Party and objecting party shall meet and confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the Disclosing Party may apply within ten (10) calendar days for a ruling upholding the Disclosing Party's designation of the Discovery Materials as confidential. In connection with any such application, the Disclosing Party shall bear the burden of showing that the documents should remain confidential. While any such application is pending, the Discovery Materials subject to that application will be treated as confidential until the Court rules. If the Disclosing Party does not apply to the Court for a ruling upholding the Disclosing Party's designation of the Discovery Materials as confidential within the time period prescribed herein, the Discovery Materials will no longer be deemed confidential. Nothing in this Protective Order shall be construed as preventing any party from objecting to the designation of any Discovery Material as confidential.

15.     Any Person subject to this Protective Order who receives a subpoena or other request for the production or disclosure of any Disclosing Party's Confidential Discovery Materials shall promptly give written notice to the Disclosing Party and enclose a copy of the subpoena or request.  The Person subject to the subpoena or other request also shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or move for protection of the Confidential Discovery Materials, before the Person to whom the subpoena or request is directed takes action to comply with it.  Nothing in Paragraph 5 shall prevent compliance with a lawful subpoena or other compulsory process for the production or disclosure of any Disclosing Party's Confidential Discovery Materials by a Person subject to this Protective Order.

16.     Except as provided in Paragraph 5, within forty-five (45) days after entry of an Order terminating this action, including all appeals, all hard copies of Confidential Discovery Materials that were received from a Disclosing Party shall be destroyed, all electronic copies of Confidential Materials saved on personal devices shall be deleted, and all hard drives received from a Disclosing Party that contain Confidential Discovery Materials shall be returned to the Disclosing Party.  This obligation shall not apply to pleadings, motions, briefs, supporting affidavits, attorney notes, documents or correspondence containing attorney work product, transcripts, or Court opinions and orders (although this obligation shall apply to any Confidential Discovery Materials appended to such documents).

17.     Each party shall have the responsibility to advise the Disclosing Party of any losses or compromises of the confidentiality of information or documents governed by this Protective Order.  It shall be the responsibility of the party that lost or compromised the

Confidential Discovery Materials of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

18.     Nothing in this Protective Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials, or information designated hereto as confidential.  In addition, nothing in this Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any documents or information that are in the public domain or otherwise publicly available.

19.     Any non-party to this stipulation producing Discovery Materials in this action may be included in this Protective Order by endorsing a copy of this Protective Order and delivering it to the requesting party who, in turn, will file it with the Court, requesting that the Court so order that endorsement and serve it upon counsel for the other parties.

20.     In the event that additional Persons become parties to this action, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Disclosing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Protective Order and agree to be bound by its terms.

21.     This Protective Order does not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Protective Order, or from agreeing with the other parties to modify this Protective Order, subject to the approval of the Court.

SO STIPULATED AND AGREED.

Counsel for the Parties:

Dated: July 11, 2025

/s/ Paul G. Gizzi
/s/ Jessica Sutton Quinn

Paul G. Gizzi (gizzip@sec.gov)
Jessica Sutton Quinn (quinnj@sec.gov)
SECURITIES & EXCHANGE COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004-2616
(212) 36-1190
Attorneys for Plaintiff

Dated:  July 15, 2025

/s/    Ian    J.    McLoughlin

Ian J. McLoughlin, Esq.
SHAPIRO, HABER & URMY LLP
One Boston Place
Boston, MA 02108
(617) 439-3939
imcloughlin@shulaw.com

/s/ Thomas J. McCabe

Thomas J. McCabe
THE MCCABE LAW FIRM PC
2389 Yorktown Street
Oceanside, NY 11572
tmmccabe@mfalaw.com
Attorneys for Defendants

SO ORDERED:

_____
THE HONORABLE EDGARDO RAMOS
United States District Judge

Dated:  July 16, 2025
        New York, New York

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                    Plaintiff,            :
                                          :
          – against –                     :          24-cv-9308 (ER)
                                          :
DAVID BANISTER and THE MARKET ANALYSTS    :
GROUP, LLC,                               :
                                          :
                    Defendants.           :
------------------------------------------------------------------------x

## EXHIBIT A

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I have read the Stipulation and Confidentiality Order ("Protective Order") applicable to

the above-captioned action.  I understand its terms and agree to be bound by them, and hereby

submit to the jurisdiction of the United States District Court for the Southern District of New

York for purposes of the enforcement of the Protective Order.  I further understand that failure to

abide by the terms of the Protective Order may result in legal action and sanctions.


Dated: _____          Agreed: _____

11